UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GERARDO DOMINGUEZ-LOPEZ,

        Plaintiff,

        v.                            Case No. 23-cv-0388-bhl

J. LUDWIG,
K. PELKY,
H. HOLLANDER,
MPAA GIESLER,
M. MILNER,
K. SABEL,
KEMKE,
D. PROEHL,
C. OSTRANDER, and
J. FREUND,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Gerardo Dominguez-Lopez, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Dominguez-Lopez's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Dominguez-Lopez has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Dominguez-Lopez has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been

assessed and paid an initial partial filing fee of $23.81. Dominguez-Lopez's motion for leave to proceed without prepaying the filing fee will be granted.

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

ALLEGATIONS OF THE COMPLAINT

Dominguez-Lopez explains that he is a 60-year-old, Hispanic man who cannot speak or understand English.[1] He asserts that he has back and spinal issues as well as nerve damage in his left leg. He explains that his condition is so severe that a shock stimulator was implanted in his lower back. He notes that the pain and weakness in his left leg makes mobility difficult, and he relies on a wheelchair to get around. Dkt. No. 1 at 3.

Dominguez-Lopez explains that it is difficult to get to the bathroom in a timely manner, and he's had bladder issues due to being too far from the toilet. Dominguez-Lopez asserts that he tried to stay in the unit with "wet cells" where the sink and toilet are in the room, but Defendant unit manager Kemke refused his requests. After transferring to a new unit, Dominguez-Lopez explained his situation to Defendant unit manager Sabel, but his requests to be placed in a wet cell were denied. Dominguez-Lopez asserts that he had "several bladder mishaps and disgrace." He feels that his challenges with speaking English were used against him to make it look like he did not have any problems. Dkt. No. 1 at 3.

Next, Dominguez-Lopez explains that he has had a pulse simulator implanted in his lower back for the past nine years. He states that it stopped working, so he was sent out to get a replacement. He explains that after it was replaced in January 2022, health services damaged the magnetic charging attachment. Without a working attachment, the implant cannot be activated. Dominguez-Lopez asserts that he complained to M. Milner, D. Proehl, C. Ostrander, and K. Pelky and informed them that without the device he was in severe pain. He states that they made "lame attempts" to address his pain with medication, but he told them it was ineffective. He states that

---

[1] Dominguez-Lopez prepared his complaint with the assistance of a friend. Dkt. No. 1 at 3.

3

assistant health services manager Pelky, health services manager Ludwig, and Giesler told him a replacement had been ordered, but he has been waiting sixteen months for a replacement. Dkt. No. 1 at 3.

Dominguez-Lopez also asserts that on March 13, 2023, he was informed that he would no longer be allowed to use a wheelchair and was given a walker. He explains that to use the walker, he must lift up the back legs and roll the walker forward on its front wheels. According to Dominguez-Lopez, lifting the walker causes severe pain in his lower back that shoots all the way down his left leg. Dominguez-Lopez asserts that he has fallen twice. He states that he was then allowed to use a wheelchair and pusher aid, but only for long distances. Finally, Dominguez-Lopez states that he has asked for a leg brace and orthopedic shoe to help his balance, but his requests have been ignored by Ludwig, Hollander, and Milner. Dkt. No. 1 at 1, 3.

### THE COURT'S ANALYSIS

"[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)).

Dominguez-Lopez states deliberate indifference claims against Kemke and Sabel based on allegations that they refused his requests to be housed in a cell with a toilet and sink even though Dominguez-Lopez repeatedly informed them that his mobility issues made it difficult for him to get to the bathroom before he soiled himself. He also states deliberate indifference claims against

4

Milner, Proehl, Ostrander, and Pelky based on allegations that they persisted in prescribing ineffective pain medications during the time Dominguez-Lopez's pulse simulator did not work. He also states deliberate indifference claims against Pelky, Ludwig, and Giesler based on allegations that they failed to timely procure a replacement charger after health services damaged the original charger, making the pulse simulator unusable. Finally, Dominguez-Lopez states deliberate indifference claims against Ludwig, Hollander, and Milner based on allegations that they ignored his requests for a leg brace and orthopedic shoe to help him with his balance even though he wobbles and is "close to falling constantly."

Dominguez-Lopez does not, however, state a claim in connection with his allegations that he is allowed to use a wheelchair for only long distances despite the pain he experiences from using a walker for even short distances. These allegations are insufficient because Dominguez-Lopez does not allege who, if anyone, he complained to about his difficulties with using the walker or what, if any, response he received to those complaints. Nor does Dominguez-Lopez state a claim against J. Freund, the institution complaint examiner, who allegedly denied or rejected Dominguez-Lopez's inmate complaints for "various reasons." As the Seventh Circuit has explained, only people who cause or participate in the violation are responsible, and "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

**IT IS THEREFORE ORDERED** that Dominguez-Lopez's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that J. Freund is **DISMISSED** because Dominguez-Lopez fails to state a claim against him.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Dominguez-Lopez's complaint and

5

this order are being electronically sent today to the Wisconsin Department of Justice for service on J. Ludwig, K. Pelky, H. Hollander, MPAA Giesler, M. Milner, K. Sabel, Kemke, D. Proehl, and C. Ostrander.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, J. Ludwig, K. Pelky, H. Hollander, MPAA Giesler, M. Milner, K. Sabel, Kemke, D. Proehl, and C. Ostrander shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Dominguez-Lopez is located.

**IT IS FURTHER ORDERED** that the agency having custody of Dominguez-Lopez shall collect from his institution trust account the $326.19 balance of the filing fee by collecting monthly payments from Dominguez-Lopez's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Dominguez-Lopez is transferred to another institution, the transferring institution shall forward a copy of this Order along with Dominguez-Lopez's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge

6

Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dominguez-Lopez is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Dominguez-Lopez may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on May 3, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

7