UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GERARDO DOMINGUEZ-LOPEZ,

      Plaintiff,

v.                                                  Case No. 23-CV-388

JULIE LUDWIG, *et al.*,

      Defendants.

## ORDER

On August 30, 2023, the defendants filed a motion for summary judgment on the grounds that *pro se* plaintiff Gerardo Dominguez-Lopez failed to exhaust his administrative remedies for the Eighth Amendment claims on which he was allowed to proceed. (ECF No. 16) Also on August 30, 2023, the court issued a notice and order informing Dominguez-Lopez that he had until September 29, 2023, to file a response to the defendants' summary judgment motion. (ECF No. 20.) The court cautioned Dominguez-Lopez that, if by that date he did not respond to the motion or file a letter explaining why he was unable to do so, the court would accept all facts asserted by the defendants as undisputed. On September 13, 2023, Dominguez-Lopez filed a motion for extension of time to respond to the defendants' motion. (ECF No. 21.) The court granted the motion, giving Dominguez-Lopez until November 29, 2023, to file a response. (ECF No. 22.)

The deadline has passed and Dominguez-Lopez has not filed a response to the defendants' motion. The court has reviewed the defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that the defendants are entitled to summary judgment on exhaustion grounds. Therefore, the court will grant the defendants' motion. The case is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020).

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment on exhaustion grounds (ECF No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time,

generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 7th day of December, 2023.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge
